STATE *vs.* WILLIAM T. BRITTINGHAM.

1. ASSAULT AND BATTERY—EVIDENCE—RELEVANCY.
    Where, in a prosecution for assault and battery, alleged to have been committed by defendant on prosecutor as the latter was digging up a fence post on land alleged to belong to defendant, the state admitted that defendant believed he was the owner of the land, evidence of defendant's title to the land was inadmissible.
2. ASSAULT AND BATTERY—"ASSAULT"—"BATTERY."
    An "assault" is an unlawful attempt, with violence, to do injury to the person of another; and a "battery" is the actual accomplishment of such attempt.
3. ASSAULT AND BATTERY—DUTY TO RETREAT.
    Where one is assaulted, or thinks he is about to be assaulted, it is his first duty to retreat, if he can; and, if not, he may use just so much force as is necessary to stay the act of violence against him, or to protect his life or person from injury, and if he uses more force he is guilty of unlawful assault.
4. ASSAULT AND BATTERY—EJECTMENT OF TRESPASSER—FORCE.
    A landowner may eject a trespasser in a proper and reasonable way, using no more force than is reasonably necessary to remove the trespasser from the land.

5. CRIMINAL LAW—WEIGHT OF EVIDENCE.

Where there is a conflict in testimony, it is the jury's duty to reconcile it, if possible; and, if not, they may accept such as they consider the most worthy of credit under all circumstances, having regard to the ignorance or intelligence of witnesses, their interest or bias, and opportunity of observing and knowing the things respecting which they testify.

(*February 8, 1911.*)

Judges BOYCE and CONRAD sitting.

*James M. Tunnell* for the state.

*Andrew Marvel* for the defendant.

Court of General Sessions, Sussex County, February Term, 1911.

INDICTMENT (No. 3, October Term, 1910) for assault and battery.

At the trial it was proved by the state that on May 21, 1910, while the prosecuting witness was digging up a fence post on or near the boundary line separating his land from the defendant's at the outskirts of Georgetown, and while in a stooping position, he was struck from the rear upon the side of the head with a brick in the hands of the defendant and knocked unconscious.

The defendant contended that the prosecuting witness, at the time of the assault upon him, was digging up a post wholly upon defendant's land, and, when told to desist, drew his shovel upon the defendant as if to strike him, being within reach of the defendant, that the latter picked up in one hand a small block of light cedar and struck the prosecuting witness with it upon the side of the head, knocking him to his knees, but not stunning him or rendering him unconscious.

[1] The defendant sought to prove his title to the land where the post in question stood, by surveys, plots and records, in justification of his assault upon the prosecuting witness who was trespassing upon the defendant's land; his contention being that this was admissible as showing that he was only acting, at the time of the assault, in defense of his own property and was, therefore, justified in using the force he did to eject the prosecuting witness. The state objected to the proof as immaterial, but admitted that the defendant Brittingham believed, at the time of the assault,

that he was the owner of the land upon which the alleged assault was committed. The court sustained the objection.

CONRAD, J., charging the jury:

Gentlemen of the jury:—You have been impaneled to try the case of State v. William T. Brittingham, who is charged with an assault and battery upon the person of one George Wilson, on the twenty-first day of May, 1910. We regret very much that a case of this kind should take up the time of the court and the jury. It has developed that this whole matter grew out of a dispute between neighbors over a small piece of land, or a boundary line. It ought never to have come in this court, but is a matter that I think you, gentlemen of the jury, will agree with me, should have been settled by reasonable people in a reasonable and proper way. The matter of the dispute is not for your determination, but the question that you are to determine is as to the guilt or innocence of one William T. Brittingham, who is charged with assault and battery.

[2] An assault is an unlawful attempt with violence to do injury to the person of another, and a battery is the actual accomplishment of such attempt.

[3] Where one is assaulted, or thinks he is about to be assaulted, it is his first duty to get out of the way or retreat, if he can; if he cannot reasonably do that, he may use just so much force as is necessary to stay the act of violence against him or to protect his life or his person from injury. If he use more force than is necessary for that purpose, then he becomes the aggressor and is himself guilty of an unlawful assault.

[4] In this case it is admitted by the state that the accused, Brittingham, believed that he was on his own land.

When one is a trespasser on another's land, the person owning the land is justified in ejecting the trespasser, but he must do it in a proper and reasonable way, and is only justified in using what force is reasonably necessary in order to remove the person from his land.

[5] There is in this case some conflict of testimony, and the law as laid down in this state is that where there is a conflict in

the testimony it is the duty of the jury to reconcile such conflict if they can—and the conflict may arise either with respect to acts from which the fact of the assault may be proved, or with respect to acts from which the intent of the assault may be inferred. If you cannot reconcile the testimony, you should then accept such of it as you consider, under all the circumstances, is most worthy of credit and belief, having regard to the ignorance or intelligence of the witnesses, their interest or bias, and the opportunity which they had of observing and knowing the things respecting which they testified. In order to convict the prisoner, it is incumbent upon the state to prove, beyond a reasonable doubt every material ingredient of the crime charged. In every criminal case the accused is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt.

The matter of self-defense claimed in this case is really involved in the first point I made in regard to whether or not the defendant was in danger of personal injury, and that is a matter for your determination. The facts are entirely for your determination; the court is merely laying down to you the law governing the case. The facts you must reconcile and from those facts make up your verdict, and we want that verdict to be the conscientious conclusion of your judgment, after a full and fair determination of the facts as they have been shown from the witness stand.          Verdict, not guilty.